[Civil No. 1019.  Filed March 27, 1908.]

[94 Pac. 1112.]

THE CITY OF BISBEE, Plaintiff and Appellant, v. BELLE S. HARGROVE et al., Defendants and Appellees.

1. APPEAL AND ERROR—RECORD—TRANSCRIPT—FILING—PREMATURE REMOVAL FROM LOWER COURT—LAWS 1907, CHAP. 74, SEC. 15, CONSTRUED.—Section 15, *supra*, provides that either party may file with the clerk of the court a statement of the facts or a transcript of the reporter's notes, and serve upon the opposite party or his attorney of record notice of the filing thereof. Within twenty days after such service on the opposite party or his attorney, or within such other time as may be stipulated by the parties, the party or his attorney so served shall file with the clerk a written statement agreeing to the correctness of the transcript or specifying wherein it is defective, and setting forth such amendments as may be deemed necessary, and shall serve a copy of such written statement upon the party who filed the transcript. Provision is made for the party filing the transcript to amend or correct the same when the opposite party files his objections to the incorrectness or insufficiency, and thereupon it is provided that the clerk shall present the transcript to the trial judge, who shall certify to the amending of it as it may require and file, together with the written statement in the record of the case, within ten days after the same has been presented to him. Where a transcript was filed on the 3d of the month and notice of the filing was not given until the 11th, and transcript was then removed from the clerk's office by the person filing on the 28th, certified by the judge and sent to the clerk of the supreme court, the twenty days that the transcript should remain with the clerk had not expired, as

the twenty days should date, not from the date of the filing nor from the date of the clerk's notice of the filing, but from the date of the serving of the notice by the party filing the transcript, and said transcript having been removed before the expiration of the twenty days from that time and filed in the supreme court, it must be stricken from the files.

APPEAL from a judgment of the District Court of the Second Judicial District, in and for the County of Cochise. Fletcher M. Doan, Judge.   Motion to strike from files granted and judgment affirmed.

Action by Belle S. Hargrove and William L. Hargrove, her husband, against the city of Bisbee, to recover damages for personal injury to Belle S. Hargrove.   From a judgment for plaintiffs, the city of Bisbee appeals.   Motion by appellees to strike from the files the reporter's transcript of the evidence and so much of the abstract of record as appears to be a synopsis of the evidence taken at the trial.

Neale & Sutter, for Appellant.

Joseph E. Morrison, for Appellees.

KENT, C. J.—The appellees have filed a motion to strike from the files of this cause in the court the reporter's transcript of the evidence, and so much of the abstract of the record as appears to be a synopsis of the evidence taken at the trial.   The grounds of the motion are "that the approval and certification of said transcript by the judge of the trial court and the filing of said transcript in the supreme court of the territory of Arizona were both premature and prejudicial to the rights of the appellees."   The motion is based upon affidavits and the certificates of the clerks of the district court and supreme court, respectively, and the appellant has filed in opposition thereto an affidavit and a certificate of the clerk of the district court.   The facts as they appear from these documents are not disputed.

It seems that on June 3, 1907, the reporter's transcript of the evidence was filed in the office of the clerk of the district court; that on that date, at the request of the then counsel for the appellant, the clerk mailed a letter to the attorney for the appellees, notifying him that the reporter's transcript of the evidence had been so filed; that on the 11th of June

the appellant's counsel served upon the counsel for the appellees a notice that he had filed such transcript in the office of the clerk, and on June 13th the appellant's counsel filed in the clerk's office his notice, showing that such service had been made on June 11th. The reporter's transcript remained in the clerk's office until June 28th, on which date appellant's counsel took the transcript from the office of the clerk, presented the same to the judge of the court for his approval and certification, and the same was thereupon signed by the judge. After the transcript had been signed by the judge it was immediately forwarded to the clerk of the supreme court by the counsel for the appellant, the certificate of the clerk of the district court in that regard being as follows: "That on June 28, 1907, the original papers in the cause and said reporter's transcript, after being certified to by the judge, were wrapped up by S. A. Merritt, appellant's counsel, under my direction, and the package containing said papers taken by said Merritt to the express office for transmission to the clerk of the supreme court; that said Merritt in so doing acted simply in assistance of and for the convenience of the clerk; that the said reporter's transcript was never after said twenty-eighth day of June, 1907, filed in my office, and that I never sent or forwarded, or caused to be sent or forwarded, to the clerk of the supreme court, the said reporter's transcript; that the said reporter's transcript was never returned to my office after said twenty-eighth day of June, 1907." It further appears that on the twenty-ninth day of June, 1907, counsel for the appellees went to the county seat for the purpose of examining said transcript and offering additions, amendments and objections thereto, and thereupon discovered the fact to be that the transcript had been taken from the clerk's office by the appellant's counsel, had been presented to the judge of the district court, had been certified to by him, and had on the twenty-eighth day of June been forwarded to the clerk of the supreme court; that neither the appellees personally nor their counsel have ever seen the transcript, or ever had any opportunity to examine the same, and know nothing of the contents thereof.

The procedure on appeal to the supreme court is governed by chapter 74, page 122, Laws of 1907. Section 15 (page 124) of said act provides that either party may file with the clerk of court a statement of facts or a transcript of the re-

porter's notes, and serve upon the opposite party, or his attorney of record, notice of the filing thereof. Within twenty days after such service on the opposite party or his attorney, or within such other time as may be stipulated by the parties, the party or attorney so served shall file with the clerk a written statement agreeing to the correctness of the transcript, or specifying wherein it is defective, and setting forth such amendments as may be deemed necessary, and shall serve a copy of such written statement upon the party who filed the transcript. Provision is made for the party filing the transcript to amend or correct the same when the opposite party files his objections to its incorrectness or insufficiency; and thereupon it is provided that the clerk shall present the transcript to the trial judge, who shall certify it, amending it as it may require, and file it, together with the written statement, in the record of the case within ten days after the same has been presented to him. It is further provided that failure on the part of the party or his attorney on whom notice of the filing of the reporter's transcript with the clerk has been served as before provided to agree to the correctness and sufficiency of the transcript, or to suggest amendments thereof within the twenty days, shall be deemed an admission of its correctness and sufficiency; and, further, that if either party is dissatisfied with the reporter's transcript as certified to and filed by the judge, he may within ten days after the same is so filed file with the clerk a statement of his objections thereto, in which he shall set forth the amendments which he desires to have made, and shall at the same time file with the clerk affidavits in support of the objections, and serve notice on the opposite party, who is given time to answer the same, and that thereupon the statement of objections and all the affidavits shall become a part of the record in the case, and upon a review the supreme court shall correct the transcript, or not, in accordance with the truth as it may appear. The clerk shall thereafter transmit the record to the clerk of the supreme court within a time prescribed. Due provision is also made for the substitution of a statement of facts in lieu of the reporter's transcript.

Under the procedure it was the duty, therefore, of the appellant to allow the transcript of the reporter's notes to remain in the office of the clerk of the district court for twenty days after the service of notice upon the opposite party that such transcript had been filed, unless agreed to or

objected to before the expiration of such time. The transcript in this case was filed on the 3d and withdrawn on the 28th, but the twenty days that it must remain with the clerk does not date from the day of filing, but from the day of the service of notice of the filing. It is true that in this case on the 3d the clerk notified the counsel for the appellees that the transcript had been filed; but the provision of the Code is that such notice shall be served by the party (or, of course, his attorney), and not the clerk. Such notice of filing was duly served upon the appellees by the appellant on the 11th. Appellees, therefore, had the right to rely upon the notice so served, being the service required by the statute, as the notice that would set their time running, and in this instance they did so rely, and within the twenty days after service of such notice called at the office of the clerk to examine the transcript for such action as they might desire to take with respect thereto under the provisions of the statute, only to find it withdrawn, certified and transmitted.

We have not under consideration a mere technical violation of the statutes, or an instance where no hardship has resulted, but in the case before us it is apparent that the appellees have been deprived of a substantial right. They have had no opportunity to examine the transcript to ascertain its correctness or sufficiency, or to suggest or supply any amendments that may be necessary. The premature withdrawal, certification and transmission of the transcript to the supreme court imposed upon them, not only the necessity and hardship of a journey to the capital, where the office of the clerk of the supreme court is situated, for an examination of the reporter's transcript, in order to ascertain what such transcript contained, but the transcript having been transmitted and having passed out of the control of the district court, they were precluded from having incorporated in the record any corrections or amendments that might be necessary; nor is it any answer to this claim of the appellees to say that, the transcript having been certified by the trial judge, the correctness thereof is thereby asserted. The very object of the provision of the statute that the transcript shall lie with the clerk twenty days is to give the opposite party an opportunity to file his statement suggesting amendments to the transcript that they may be before the judge at the time the transcript is presented for his approval. It was not the province of the appellant to present the tran-

script to the judge for his certification, but it was the duty of the clerk to do so at the expiration of the time provided. Where it was withdrawn from the office of the clerk and presented to the judge by appellant's counsel, and the transcript bore evidence of having been lodged with the clerk for more than twenty days, the judge might very properly assume it would not be so presented unless the time allowed the opposite party for filing amendments had elapsed, and that he, therefore, might properly certify to it without examination, since the statute provided that such failure on the part of opposing counsel should be "deemed an admission of its correctness, or correctness and sufficiency." But in any event such premature certification should not prejudice the rights distinctly given by statute.

Counsel for the appellant having without authority withdrawn the transcript from the clerk's office, and without authority having presented the same to the trial judge for his certificate and before the time provided by law had elapsed, and having without authority transmitted the same to the clerk of the supreme court without the same being refiled in the office of the clerk of the district court as required by law, by all of which the appellees have been substantially prejudiced, must take the consequences that should follow such violation of the statutes. We think, under the circumstances of this case, that the motion to strike should be granted.

The only matters assigned as error by the appellant are such as require an examination of the testimony to determine their sufficiency. Such testimony is not now before us. No errors appearing on the face of the record, the judgment of the district court is affirmed.

SLOAN, CAMPBELL, and NAVE, JJ., concur.